IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO.: 7:08-CV-57-H

| | |
|---|---|
| D.T.M., a minor child, by his mother P.M., *et al*., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LANIER CANSLER, Secretary, North Carolina, ) <br> Department of Health and Human Services, in his ) <br> official capacity, ) <br> ) <br> Defendant. ) <br> ──────────────────────────────── ) | **ORDER** |

This cause is before the Court upon the following motions:

1) Plaintiffs' motion for extension of time to respond to Defendant's motions for summary judgment ("motion for an extension of time")(DE-58);

2) Defendant's motion to strike Plaintiffs' motion for extension of time ("motion to strike")(DE-59); and

3) Plaintiffs' motion to file affidavit *Nunc Pro Tunc* (DE-61).

As an initial matter, the undersigned notes that the parties have not yet met pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Thus no scheduling order has been entered in this matter.

Each of these motions ultimately relate to the same issue: Plaintiffs' request for an extension of time to respond to Defendant's motions for summary judgment (DE-58). In response, Defendant suggests that Plaintiffs' motion for an extension of time should be stricken because it fails to comply with Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) states that "[i]f a party opposing [a motion for summary judgment] . . . shows by affidavit that . . . it can present facts essential to justify its opposition, the court may . . .order a continuance . . ." F.R.Civ.P 56(f). Defendant argues that since Plaintiffs did not include an affidavit with their motion for an extension of time, it should not just be denied—but stricken

from the record altogether. Finally, Plaintiffs' respond to this argument by requesting leave to file an affidavit *Nunc Pro Tunc.*

The Fourth Circuit has stated that strict compliance with Rule 56(f) is not required "if the nonmoving party's objections before the district court served as the functional equivalent of an affidavit, and if the nonmoving party was not lax in pursuing discovery . . ." Harrods Ltd. V. Sixty Internet Domain Names, 302 F.3d 214, 244-245 (4th Cir. 2002)(internal quotations omitted). Plaintiffs have not been lax in pursuing discovery, because discovery has in fact been stayed since April 23, 2009 (DE-52). Moreover, the arguments contained in Plaintiffs' original motion and incorporated memorandum in support (DE-58) constitute the functional equivalent of an affidavit. Therefore, Defendant's motion to strike (DE-59) is DENIED. Moreover, despite the fact that it is now moot, Plaintiffs motion to file an affidavit *Nunc Pro Tunc* (DE-61) is GRANTED, and the affidavit found at docket entry 61-1 shall be considered as part of Plaintiff's original motion for an extension of time (DE-58).

With regard to the actual merits of the request for an extension of time, Plaintiffs note that on June 6, 2008 they filed a Motion for Class Certification (DE-11). Defendant opposed class certification and filed two motions to dismiss (DE's 17 & 26). The motions to dismiss were denied on March 16, 2009 (DE-39). In that same order, class certification was denied without prejudice (DE-39, pg. 23). It was specifically noted that Plaintiffs could re-file their request after discovery had been conducted on the issues concerning class certification (DE-39, pg. 22). Defendant then filed three separate motions for summary judgment on April 14, 2009 (DE's 42, 44, 46). It also appealed this Court's denial of the motions to dismiss on that same date (DE-48). Based on this appeal, all proceedings in this matter were stayed in an order dated April 23, 2009 (DE-52). On June 11, 2010, the decision denying Defendant's motions to dismiss was affirmed (DE's 54-55).

To date, no formal discovery has occurred in this case (DE-58, pg. 3). Indeed, Defendant's motion for summary judgment was filed during a period of time when no discovery could take place (DE-52). Plaintiffs now contend that they are unable to fully respond to the motions for summary judgment until

2

discovery on the merits has been completed.  In response, Defendant essentially argues that Plaintiffs should not be permitted any discovery whatsoever to oppose the facts set forth in the motions for summary judgment (DE-59).  Defendant's position fails to make any accommodation for the period of time during which all proceedings were stayed in this matter.  Moreover, the position also rings hollow given Defendant's earlier insistence on strict compliance with Rule 56.  *Cf.* F.R.Civ.P. 56(e)(2)("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial.").  Furthermore, Plaintiff requests that the deadline for filing its responses be 30 days following the discovery deadline.  This request comports with the general practice in this district of setting the dispositive motion deadline 30 days after the conclusion of discovery.  For these reasons, Plaintiffs' motion for an extension of time (DE-58) is GRANTED.

**CONCLUSION**

In accordance with the foregoing directives:  1) Plaintiffs' motion for an extension of time (DE-58) is GRANTED; 2) Defendant's motion to strike (DE-59) is DENIED; and 3) Plaintiffs' motion to file affidavit *Nunc Pro Tunc* (DE-61) is GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, July 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE